[No. 3466.   April 30, 1930.]

GREGG v. PIONEER ABSTRACT CO.

[289 Pac. 71.]

Holt & Holt, of Las Cruces, for appellant.

Geo. A. Shipley, of Alamogordo, for appellee.

OPINION OF THE COURT

PER CURIAM.

On July 23, 1922, Pioneer Abstract Company, a corporation, gave its note to the First State Bank of Alamogordo for $2,500, due six months after date. On April 15, 1929, the appellant, as assignee, sued upon the note and was met with the plea of the statute of limitations. He sought to avoid the statute by setting forth, in an amended complaint, the following letter:

"Alamogordo, New Mexico, June 30, 1927.
"Messrs. Holt & Holt, Att'ys., Las Cruces, N. M.

"Dear Sirs:  We are in receipt of your letter of recent date, concerning the balance claimed on the note of the Pioneer Abstract Company to the Alamo State Bank.

"Before you sue on this note, I would like to see Mr. H. B. Holt, and have an opportunity of giving him all the facts in connection with this note.

"I have paid all the money I received on this note and of course do not feel like paying any more.

"C. E. Mitchell was the original president of the Pioneer Abstract Co. Myself, Judge Medler and Wm. Sundby were the other incorporators.

"Mr. Mitchell was to finance and did finance the making of the abstract books.

"As president of the abstract Co. he came to me, I being Sec'y. of the Co. and requested me to sign note to the Bank for $2500. This was for money he had already advanced and *to be* advanced. I signed the note on behalf of the abstract Co. as requested, but never secured or used anything like all the money, but did use a portion thereof, the amount of which I am in possession in the way of orders given on Mr. Mitchell, and honored by him. I have repaid 'all the money actually received on the note, and will be glad to take the matter up with you at the first opportunity for further discussion, as some way or another I am averse to paying the balance on this note, when such balance would not be based on a consideration, in fact.

"I had a tenative agreement with Mr. Dale of a settlement of the matter, based upon the above facts, when he died, so that leaves the matter just where it was. Mr. Dale was convinced of the correctness of my claim, and was willing to assist me in getting the matter approved by the court to the end that he would be relieved of the further reliability in the matter, but said approval of the court would be necessary in the matter.

"Yours truly,

"W. K. STALCUP, Pres.

"Pioneer Abst. Co."

The trial court held that the letter did not take the case out of the statute, and sustained a demurrer to the amended complaint to which action the appellant, as plaintiff, excepted and refused to plead further. Judgment was rendered for the defendant (appellee) and this appeal followed.

1. Section 83—111, Comp. 1929 (section 3356, Code 1915) reads as follows:

"Causes of action founded upon contract shall be revived by an admission that the debt is unpaid, as well as by a new promise to pay the same; but such admission or new promise must be in writing, signed by the party to be charged therewith."

██ We think the trial court was correct in holding that the letter quoted did not defeat the bar of the statute. It recognizes no debt as unpaid. It claims that

there is in fact no indebtedness. Reference to the note is plainly a reference to the instrument under discussion, nothing more. And it is equally clear that in referring to the "balance" of the note, the maker meant and intended to thus describe whatever difference might exist between the amount actually paid and the face of the note, which would be the amount in controversy. As to this, he claimed there was no money received. The whole effect of the letter is a denial of any indebtedness. To satisfy the statute the admission must be clear, unqualified, and reasonably certain. Cleland v. Hostetter, 13 N. M. 43, 79 P. 801.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

BICKLEY, C. J. and CATRON and SIMMS, JJ., concur.

PARKER and WATSON, JJ., did not participate.